IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAKE GUARINO,<br><br>    Plaintiff,<br><br>v.<br><br>VISUAL EDGE, INC.,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§    Civil Action No.: 1:20-CV-00670RP<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Visual Edge, Inc. ("Defendant") respectfully submits this Answer to Plaintiff Jake Guarino ("Plaintiff")'s First Amended Complaint (the "Amended Complaint").

## PRELIMINARY STATEMENT

All allegations not specifically admitted or otherwise qualified are denied.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Amended Complaint, Defendant responds as follows:

## PARTIES

1.    Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2.    Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

3.    The allegations contained in Paragraph 3 of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required,

Defendant states that jurisdiction is proper in this federal district. Defendant denies, however, that Plaintiff is entitled to any of the relief he seeks in this action.

4.     The allegations contained in Paragraph 4 of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that venue is proper in this federal district. Defendant denies, however, that Plaintiff is entitled to any of the relief he seeks in this action.

## FACTUAL BACKGROUND

5.     Defendant admits, upon information and belief, that in 2008, Plaintiff was hired as Vice President of Managed Print Services of Zeno Digital Solutions, LLC d/b/a Zeno Imaging ("Zeno"). Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint and, therefore, denies same.

6.     Defendant admits, upon information and belief, that Zeno adopted a new compensation plan for Plaintiff effective January 1, 2015. Defendant admits, upon information and belief, that Plaintiff's compensation plan as Executive Vice President was set forth in a letter agreement dated January 13, 2015, and that the terms are set forth in such letter. Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7.     Defendant admits that it entered into an Asset Purchase Agreement (the "APA"), dated November 14, 2018 and effective as of October 31, 2018, with Zeno Digital Solutions, LLC d/b/a Zeno Imaging ("Zeno") and certain other parties, which included the purchase by Defendant of certain Zeno assets located in the Houston and Austin markets and the name "Zeno Imaging." Defendant admits that certain Zeno assets in the Dallas market were excluded from the purchase and sale contemplated in the APA and that Zeno retained ownership of these assets. To the extent Plaintiff's allegation that Defendant "operated the Dallas assets retained by Zeno" implies that

Defendant had a right to any revenue or profit from these assets, that allegation is denied. Defendant states that it managed the back office operations of the Zeno assets located in Dallas. Defendant admits that in connection with the APA it agreed to hire Plaintiff as an at-will employee and to retain his compensation plan that had been in effect prior to the asset purchase. Defendant admits that it agreed that Plaintiff would be granted certain stock options in its parent, Visual Edge Technology, Inc. ("VET"), a California corporation. Defendant denies the remaining allegations set forth in Paragraph 7 of Plaintiff's Amended Complaint.

8. Defendant admits that on or around October 31, 2018, Defendant hired Plaintiff as an at-will employee to manage the Zeno assets that it had purchased located in the Houston and Austin markets and that it retained his compensation plan that had been in effect prior to the asset purchase. Defendant states that it paid Plaintiff all amounts owed to him under the terms of the compensation plan and provided standard benefits to Plaintiff. Defendant denies that Plaintiff's compensation plan included any bonus payments based on the revenues and/or profits of the Dallas-based Zeno assets that were not purchased by Defendant. Defendant denies the remaining allegations set forth in Paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of Plaintiff's Amended Complaint.

10. Defendant admits that through March 2020, Plaintiff continued to receive compensation due to him under his compensation plan. Defendant denies that the $574,000 transaction referenced in paragraph 10 of the Amended Complaint related to a personal sale by Plaintiff or that Plaintiff was entitled to a commission under the terms of his compensation plan. Defendant admits that it told Plaintiff that the referenced $574,000 transaction was not subject to

payment of a commission or bonus under the terms of his compensation plan. Defendant denies the remaining allegations set forth in Paragraph 10 of Plaintiff's Amended Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of Plaintiff's Amended Complaint.

12. Defendant admits the allegations set forth in Paragraph 12 of Plaintiff's Amended Complaint.

13. Defendant lacks sufficient information to admit or deny the allegation that "[d]uring his temporary layoff, Guarino continued his efforts to induce VET to honor its contractual obligations" and therefore denies same. Defendant admits that it received a demand letter dated March 30, 2020 from Plaintiff's attorneys. Defendant admits that Plaintiff was sent and received a letter dated June 15, 2020, informing him that his layoff was now permanent. Defendant denies the remaining allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of Plaintiff's Amended Complaint.

## **CONDITIONS PRECEDENT**

15. Defendant denies that all conditions precedent have been performed by Plaintiff or have occurred in connection with the purported contract at issue; specifically, Defendant denies that Plaintiff has earned commissions and/or bonuses, including in the amounts alleged by Plaintiff, based upon the actual gross profit, monthly revenue and/or total quarterly earnings before EBDA in accordance with the terms of the purported contract.

## **COUNT 1: BREACH OF CONTRACT**

16. Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Amended Complaint.

## ATTORNEYS' FEES AND COSTS

17. Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Amended Complaint.

## REQUEST FOR RELIEF

Defendant admits that Plaintiff requests certain relief in the unnumbered "Request for Relief" paragraph, including subsections 1-4, contained in his Amended Complaint, but denies that Plaintiff is entitled to any of the relief requested.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant hereby states the following affirmative and additional defenses to the Amended Complaint, but does not assume the burden of proof on any such defense except as required by applicable law with respect to the particular defense asserted. Further, Defendant reserves the right to assert other affirmative and additional defenses, and/or otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, laches, waiver, and unclean hands.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because the contract at issue is ambiguous.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant was discharged from performance by Plaintiff's material breach of the purported contract at issue.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by fraud perpetrated by Plaintiff against Defendant and/or persons or entities affiliated with Defendant. In connection with amounts allegedly owed pursuant to Plaintiff's purported compensation employment agreement, Plaintiff made material and false representations to Defendant and/or affiliated persons or entities about the gross profit of sales, total monthly revenue and/or total quarterly earnings before EBDA relating to commissions and bonuses that Plaintiff claims are owed. Plaintiff knew such representations were false or were made recklessly, as a positive assertion, and without knowledge of its truth. Plaintiff's representations were made with the intent that the Defendant act on it and Defendant relied on such representations which caused injury to Defendant.

## SIXTH DEFENSE

Defendant is entitled to an offset against or reduction of any monetary award to Plaintiff for damages, if any, for amounts owed by Plaintiff to Defendant as a result of Plaintiff's fraudulent conduct.

## SEVENTH DEFENSE

Plaintiff's claim for accrued, unused Personal Time Off ("PTO") in the amount of $13,101.00 is barred because Plaintiff was paid this amount for all accrued, unused PTO on or about June 26, 2020.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the conditions precedent necessary to enforce and/or recover on the purported contract(s) at issue have not been performed by Plaintiff and/or have not occurred.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff materially breached the purported contract(s) at issue.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the damages and/or injuries alleged therein, none being admitted, were not caused by any allegedly wrongful conduct by Defendant.

**TWELTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the original contract upon which Plaintiff bases its breach of contract claim was modified and/or superseded by one or more subsequent contracts between the parties.

**THIRTEENTH DEFENSE**

Defendant denies all allegations set forth in and/or implied by headings and subheadings contained in the Amended Complaint.  Defendant denies each and every allegation set forth in the Amended Complaint that is not expressly admitted by Defendant herein.

**FOURTEENTH DEFENSE**

Defendant reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## **PRAYER**

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's First Amended Complaint and having stated its defenses thereto, Defendant Visual Edge, Inc. prays that Plaintiff take nothing by his claims and asks the Court to enter judgment in Defendant's favor as to all claims and causes of action against it; to award Defendant its reasonable attorneys' fees and costs; and to grant Defendant any and all relief, in law or in equity, to which it may be justly entitled.

DATED: January 7, 2020

Respectfully submitted,

By: */s/ Thomas E. Reddin*
Thomas E. Reddin
Texas Bar No. 16660950
treddin@polsinelli.com
Joshua S. Owings
Texas Bar No. 24117274
jowings@polsinelli.com
**POLSINELLI PC**
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone: 214.397.0030
Facsimile: 214.397.0033

**COUNSEL FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 7, 2020, a true and correct copy of the foregoing has been filed with the Court via the CM/ECF filing system and served via same on the following counsel of record:

Daniel H. Byrne
dbyrne@fbhg.law
Christine E. Burgess
cburgess@fbhg.law
**Fritz, Byrne, Head & Gilstrap, Pllc**
221 West 6th Street, Suite 960
Austin, TX 78701
Tel: 512.476.2020
Fax: 512.477.5267

**COUNSEL FOR PLAINTIFF**

                */s/ Thomas E. Reddin*
                Thomas E. Reddin

**DEFENDANT'S ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**              **PAGE 9**

75975538.6